

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. J. Townsend
County Attorney
Lufkin, Texas

Dear Sir:

Opinion No. O-6502
Re: Authority of County Attorney
to forfeit automobile under
the provisions of Section 42(b),
Article 1, Texas Liquor Con-
trol Act. (Art. 666-42(b),
V.A.P.C.)

Your recent opinion request to this department
reads as follows:

"An inspector for the Texas Liquor Control
Board, arrested two employees of a local taxi cab
owner and took from the automobile owned by said
taxi cab owner and driven by said employees eight
quarts of whiskey. Each party plead guilty to
said charge of unlawful possession of liquor for
the purpose of sale in a dry area. We are unable
to show a guilty knowledge of the transaction on
the part of the owner of the automobile, who was
not present at the time of the seizure.

"May I lawfully institute a suit under the
nuisance act, Sec. 42, subdivision (b) Art. 1 of
the Texas Liquor Control Act, for a forfeiture to
the State of the automobile, under the circum-
stances stated?"

We think your request reveals the use of an auto-
mobile for the transportation of an illicit beverage under
the Texas Liquor Control Act. Sec. 44, Art. 1, of that Act
(Art. 666-44, V.A.P.C.) specifically provides for forfeiture
of an automobile under such conditions. The procedure out-
lined under this article differs in some material respects

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

from that set out in Sec. 42(b) of the Act (Art. 666-42(b), V.A.P.C.) which does not name automobiles. The former provision allows replevy of an automobile pending the disposition of the criminal complaint, while Sec. 42(a) specifically prohibits the replevy of property seized thereunder. Furthermore there is a difference in the manner of sale of the forfeited property under the two articles..

Under the facts submitted it is our opinion that Sec. 44, being a specific provision governing the forfeiture of automobiles, controls Sec. 42(b) which is a general forfeiture provision. See 39 Tex. Jur. 212, Sec. 114.

It is therefore our view that you would not be warranted in filing a forfeiture suit under Sec. 42(b).

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Eugene Alvis_
       Eugene Alvis
       Assistant

APPROVED MAY 5, 1945

ATTORNEY GENERAL OF TEXAS

EA:mp

